## CIRCUIT COURT OF ARLINGTON COUNTY

George A. Busby et al.

v.

Kathleen M. Monahan

July 24, 1991

Case No. (Law) 90-1505

By JUDGE THOMAS R. MONROE

This matter is before the court on the defendant's motions (1) to dismiss for lack of subject matter jurisdiction; (2) Motion to Dismiss for Misjoinder of Parties; and (3) Demurrer. Both Motions and Demurrer were filed on January 3, 1991, and argued to the court on April 12, 1991, after which the Court took the motions under advisement and received memoranda from plaintiffs and defendant.

*Statement of Facts*

Plaintiffs, son and daughter of Roswell F. Busby, and the Estate of Roswell F. Busby, deceased, filed suit against Kathleen M. Monahan alleging breach of a Property Settlement Agreement executed by decedent and wife in June, 1990, alleging in paragraph 5:

A. Mutual Release . . .
B. Waiver of any and all claim for any interest in any pension, retirement income and/or retirement benefits from the other, both periodic and lump sum, to which they may otherwise be entitled.
C. Execution of Necessary Documents . . .

and in paragraph 6 of the Motion for Judgment:

> failure and refusal to execute and deliver the documents necessary to effect the provisions of the agreement, and to cause the balances of certain accounts to be the sole and exclusive property of the Estate of Roswell F. Busby and/or the heirs of that estate, to wit the plaintiffs. Defendant has therefore breached the aforementioned agreement.

### I. *Conclusions of Law,*
*Motion to Dismiss for Lack of Subject Matter Jurisdiction*

A property settlement agreement is tantamount to a contract executed between husband and wife. There is no material fact in issue that the parties separated in 1988; the property settlement agreement was executed by the parties in June, 1990, and decedent, Roswell F. Busby, died on August 1, 1990.

Jurisdiction of this court is found in some, but not all, of the following statutes:

Section 64.1-144. Suits upon judgment and contract of decedent.

Section 64.1-145. Action for goods carried away, waste or damage to estate of decedent.

> Any action at law for damages for the taking or carrying away of any goods, or for the waste, destruction of, or damage to any estate of or by the decedent, whether such damage be direct or indirect, may be maintained by or against the decedent's personal representative any action shall survive pursuant to § 8.01-25 (Code of Virginia, 1950, § 64-135; 1968, c. 656; 1977, c. 624).

"Estate" covers every kind of property right. The word "estate" is broad enough to cover every · description of vested right and interest attached to and growing out of property. *Lee v. Hill*, 87 Va. 497, 12 S.E. 1052 (1891).

Section 8.01-29. Procedure in actions on annuity

and installment bonds, and other actions for penalties for nonperformance.

29 U.S.C. § 1144(A); 1 R.C. § 401(a)(13). The Federal Employee Retirement Income Security Act of 1974 (ERISA), in an effort to protect employee benefits from a participant's creditors, stipulated that benefits payable under pension plans could not be assigned, alienated, or subjected to other legal garnishment, and ERISA would preempt all state law regarding employment benefit plans.

I.R.C. § 401(a)(13)(B) and 414(P). The Retirement Equity Act of 1985 amended ERISA, specifically providing that a "qualified domestic relations law would not be preempted by ERISA."

A "domestic relations order" is any judgment, decree, or order (including a property settlement agreement) which grants child support, alimony, or property rights to a spouse or former spouse according to state law.

In *Pilot Life Ins. Co. v. DeDeaux*, 481 U.S. 41, 107 S. Ct. 1549 (1987), the United States Supreme Court held that ERISA's civil enforcement remedies are exclusive and that state court suits asserting claims for benefits under an ERISA regulated plan was preempted. The United States Supreme Court held that the Employee Retirement Income Security Act of 1974, § 514(a)(6)(2)(A), 29 U.S.C.A. sect. 1144(a)(b)(2)(A) were intended to be exclusive and fall under ERISA's pre-emption clause.

The Retirement Equity Act of 1985 amended ERISA and qualified domestic relations orders, "issued by a state court according to state domestic relations law," would not be preempted by ERISA.

Having noted a small number of State and Federal statutes vesting jurisdiction in this Court, the Motion to Dismiss for Lack of Subject Matter Jurisdiction is overruled.

## II. *Conclusions of Law,*
### *Motion to Dismiss for Misjoinder of Parties*

Defendant alleges in paragraph 1 of her motion that "upon information and belief, the retirement account referenced in paragraph 7 of the Motion for Judgment has a beneficiary designation, thus removing this property from

a claim by the Estate of Roswell F. Busby" and in paragraph 2 states:

> To the extent that George A. Busby and Lisa Busby Pulling are bringing this action as beneficiaries of the Estate or as beneficiaries under the terms of the retirement account, they are improper parties to this action.

The Court finds that what has been set out in defendant's motion, paragraphs 1 and 2, are not what has been pleaded by plaintiffs, George A. Busby and Lisa Busby Pulling in paragraph 7 of their Motion for Judgment.

In paragraph 2 of the Motion for Judgment, they allege "The plaintiffs are adult individuals who are the only children of Roswell F. Busby, now deceased, and who are the sole beneficiaries and co-administrators of his estate." As alleged beneficiaries of decedent's estate, the claim is governed by Title 64.1-1 of the 1950 Code of Virginia, as amended. Plaintiffs have alleged, in paragraph 1 of the Motion for Judgment, that they "are the sole beneficiaries and co-administrators of his estate."

Defendant does not negate that George A. Busby and Lisa Busby Pulling are the adult individuals who are the only children of Roswell F. Busby, now deceased, nor does defendant negate that both children are co-administrators of his estate. Section 8.01-5(A) states:

> No action shall abate or be defeated by the nonjoinder or misjoinder of parties, plaintiff or defendant, but whenever such nonjoinder or misjoinder shall be made to appear by affidavit or otherwise, new parties may be added and parties misjoined may be dropped by order of the court at any time as the ends of justice may require *sua sponte by the court*. (Emphasis added.)

New parties may be added, by leave of court, on motion of the plaintiff, by order of the court at any stage of the cause as the ends of justice may require. Rule 3:14 of the Supreme Court of Virginia. A party may state as many separate claims as he has regardless of

consistency and proximate cause is ordinarily an issue for the factfinder; moreover, a plaintiff need not show that an act is the only cause of his damages. *Fox v. Deese*, 234 Va. 412 (1987).

For the reasons set forth, the Motion to Dismiss for Misjoinder of parties is overruled.

### Conclusions of Law

Defendant, in her Demurrer, argues that the Motion for Judgment fails to state a cause of action at law for breach of contract, not adequately identifying which provision of the agreement has been breached in reference to each account, nor do plaintiffs identify the actions of the defendant which constitute the alleged breach of contract with regard to either account.

The Demurrer admits the truth of all material facts that are properly pleaded. The facts admitted are those expressly alleged, those which are impliedly alleged and those which may be fairly and justly inferred from the facts alleged. *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985). A demurrer tests the legal sufficiency of the motion for judgment. The trial court is confined to the facts alleged when analyzing the pleadings; no consideration properly can be given to additional facts that may be asserted on brief or during oral argument. *Elliott v. Shore Stop, Inc.*, 238 Va. 237 (1989).

Rule 1:4(d) of the Rules of the Supreme Court of Virginia states:

> Every pleading shall state the facts on which the party relies . . . and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim on defense.

For the foregoing reasons, defendant's Demurrer to paragraphs 2, 3, and 5 to the Motion for Judgment is overruled.